ORIGINAL

FILED

11/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0011

FILED

NOV 10 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE SUPREME COURT OF THE STATE OF MONTANA

PR 20-0011

STATE OF MONTANA,

Plaintiff,

v.

.WILLIAM E. CUNNINGHAM,

Defendant.

ORDER

Defendant William E. Cunningham, via counsel, has filed an affidavit in support of his request to disqualify the Honorable Gregory R. Todd from presiding in Cause No. DC-14-640 in the Thirteenth Judicial District Court, Yellowstone County, pursuant to § 3-1-805, MCA.

Section 3-1-805, MCA, provides that an affidavit for disqualification for cause must allege facts showing personal bias or prejudice of the presiding judge. Section 3-1-805(1)(b), MCA, provides in part that an affidavit will be deemed not to have been made in good faith if it is based solely on rulings which can be addressed on appeal. Section 3-1-805(1)(c), MCA, provides in part that an affidavit that does not allege facts showing personal bias or prejudice may be set aside as void. Cunningham's affidavit alleges that the prosecuting attorneys in his case had ex parte communication with Judge Todd, as evidenced by e-mails obtained by Cunningham's counsel that indicate that the prosecuting attorneys communicated ex parte with Judge Todd's law clerk, including providing the law clerk with legal authority in anticipation of arguments the prosecuting attorneys expected Cunningham's counsel might make in an upcoming hearing. Cunningham contends that these ex parte communications created bias against his defense and may have caused Judge Todd to issue adverse orders, to fail to issue other others, and to place different requirements upon Cunningham's counsel than upon the prosecuting attorneys.

Cunningham has provided evidence of ex parte communications, but he has provided only vague allegations regarding the bias he maintains Judge Todd exhibited in this case. For example, he maintains that Judge Todd issued a sua sponte order which "paralleled a recent intercepted conversation between [defense counsel] and the defendant." Cunningham does not further describe the order, the conversation he had with his attorney, or what either of these things had to do with ex parte communications. Likewise, Cunningham alleges that ex parte communications may have caused the court to "issu[e] orders that require[d] action by defense counsel without the same requirements for the prosecutors[.]" However, Cunningham does not describe the order, the requirements, or why he believes such allegedly different treatment arose from ex parte communications. Aside from nonspecific references to adverse rulings, Cunningham provides nothing that demonstrates personal bias or prejudice. The rulings in the case to which Cunningham refers can be addressed on appeal if necessary, as can his claims of prosecutorial misconduct. As a result, it is unnecessary to appoint a district judge to hear this matter.

IT IS THEREFORE ORDERED that the motion to disqualify District Judge Gregory R. Todd from Yellowstone County Cause No. DC-14-640 is DENIED.

The Clerk is directed to provide copies of this Order to the Clerk of the District Court of Yellowstone County for notification to all counsel of record in Cause No. DC-14-640, and to the Honorable Gregory R. Todd.

DATED this 10th day of November, 2020.

_____
Chief Justice

2